IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Lynchburg Division

IN RE:                                )
                                      )   Chapter 11
A. C. FURNITURE COMPANY, INC.         )   Case No. 20-60200
                                      )
        Debtor                        )

**LIMITED OBJECTION TO SALE MOTION AND PROPOSED SALE ORDER AND BIDDING PROCEDURES**

COMES NOW, Bank of the James, and for its limited objection to entry of the proposed Order Pursuant to Section 363 of the Bankruptcy Code and Rules 2002, and 6004 of the Federal Rules of Bankruptcy Procedure Approving Bidding Procedures in Connection With the Sale of Substantially All of the Debtor's Assets Free and Clear of All Liens, Interests, Claims and Encumbrances with Bidding Procedures For Sale of Debtor Assets attached (the "Sale Order")[Doc. No. 122-2] which was filed with the Motion of the Debtor for Entry of an Order: (I) (i) Establishing Bid Procedures Related to the Sale Motion of the Debtor for Entry of an Order Establishing Sale Procedures Sale of Substantially All of the Sale Assets, and (ii) Scheduling a Hearing to Consider the Auction Sale, and (iii) Granting Related Relief; and (II) (1) Authorizing the Sale Free and Clear of All Liens, Claims, Encumbrances and Interests, and (2) Granting Related Relief  (the "Sale Motion") [Docket No. 122] states:

1.      The Debtor is indebted to Bank of the James pursuant to that certain Promissory Note dated June 30, 2016 in the original principal amount of $1,000,000 ("Note 1").

2.      Thoroughbred Resources, LLC is indebted to Bank of the James pursuant to that certain Promissory Note dated June 30, 2016 in the original principal amount of $3,000,000 ("Note 2").

3. Payment of Note 1 is secured by a Deed of Trust dated June 30, 2016 on certain real property known as 3872 Martin Drive, Axton, VA (the "AC Property").

4. Payment of Note 2 is secured by a Deed of Trust dated June 30, 2016 on certain real property known as 13846 N. Oakland Street, Eden, NC (the "Thoroughbred Property").

5. Note 1 and Note 2 are currently in default because of the failure of the Debtor and Thoroughbred, respectively, to make payments due for February and March, 2020.

6. Bank of the James objects to the inclusion of the Thoroughbred Property on which Bank of the James has a first priority consensual lien in the proposed sale. The Thoroughbred Property is not part of the bankruptcy estate in this case. Further, the proposed sale of the Thoroughbred Property infringes upon the rights of the Bank of the James as a consensual first lien holder.

7. The proposed Sale Order needs to include Bank of the James as an entity whose consultation and approval is required to the same extent as provided to Summitbridge National Investments VI LLC and the Committee of Unsecured Creditors.

8. The sale date and all of the deadlines associated with the sale need to be extended for a period of 6 weeks to avoid sacrificing the value of the assets to be sold. However, the Debtor lacks the cash to continue in business for 6 weeks.

9. Bank of the James needs to be a notice party for any objections to the sale.

10. Fixtures to the Thoroughbred Property and fixtures to the AC Property are subject to the lien of the Bank of the James and should not be included with the Furniture and Equipment to be sold.

11. The Break Up Fee to be paid to the Stalking Horse should be paid only if after such payment the Bank of the James will receive a full payoff of its secured indebtedness.

12. In the event that Bank of the James is the successful purchaser of a property by credit bid, no Stalking Horse Fee should be due.

13. The Purchase Agreement referred to in the Bidding Procedures is not available and Bank of the James preserves its right to object to any provision of the Purchase Agreement.

14. Any auction should be conducted in a location which is convenient to Bank of the James and its counsel and counsel for Bank of the James should be permitted to attend the auction.

WHEREFORE, Bank of the James requests that if a sale of the Debtor's assets is permitted to be conducted, such a sale include only property owned by the Debtor and the Sale Order and the Bidding Procedures be amended to be consistent with the terms of this Limited Objection.

BANK OF THE JAMES

By:   /s/ Richard C. Maxwell
         Of Counsel

Richard C. Maxwell, Esq. (VSB # 23554)
WOODS ROGERS PLC
10 South Jefferson Street, Suite 1400
P.O. Box 14125
Roanoke, Virginia 24038-4125
Telephone: 540-983-7600
Facsimile: 540-983-7711
   Counsel for Bank of the James

WOODS ROGERS PLC
ATTORNEYS AT LAW

{2705646-1, 111444-00005-01}                3

**CERTIFICATE OF SERVICE**

I hereby certify that on the 13th day of April, 2020, the foregoing was filed electronically with the U.S. Bankruptcy Court, was served electronically on those parties who are CM/ECF participants.

/s/   Richard C. Maxwell